United States District Court
Middle District of Florida
Jacksonville Division

**TERRY DEAN PERRY,**

    *Petitioner*,

v.                                                      No. 3:16-cv-370-MMH-PDB

**FLORIDA ATTORNEY GENERAL,**

    *Respondent.*

_____

# Order

Terry Dean Perry moves to expand the record pursuant to Rule 7 of the Rules Governing § 2254 Cases and to compel: (1) the Duval County Clerk of Court to provide complete, authenticated copies of all documents on file in his state court case, including the hearing transcripts from April 26, 2013, and August 30, 2013; and (2) the Public Defender's Office to provide complete, authenticated copies of all written correspondence between him and his trial counsel, Shelley Eckels. Doc. 38 at 1. Perry argues the documents should be in the record when considering the merits of his second amended petition because they will demonstrate that his due process rights have been violated and manifest injustice has occurred. *Id.* at 2.

Pursuant to an order signed on November 8, 2024, Doc. 42, the Florida Attorney General responded to Perry's motion, Doc. 45. The Attorney General provides exhibits and argues that the current record is sufficient to decide the merits of Perry's second amended petition without an evidentiary hearing,

particularly considering that any new claims Perry has raised would be dismissed as untimely. *Id.* at 2, 4. The Attorney General observes that the transcripts from the hearings on April 26, 2013, and August 30, 2013, are already in the record. *Id.* at 2; *see also* Doc. 17-7 at 199–223 (transcript of April 26, 2013, hearing), 224–75 (transcript of August 30, 2013, hearing).

Generally, a federal habeas court's review is limited to the record that was before the state court. *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). But Rule 7 provides that "the judge may direct the parties to expand the record by submitting additional materials relating to the petition," which include "letters predating the filing of the petition, documents, exhibits, [affidavits,] and answers under oath to written interrogatories propounded by the judge." A petitioner's ability "to introduce new evidence into the record depends on the interplay" between Rule 7 and § 2254(e)(2). *Ward v. Hall*, 592 F.3d 1144, 1162 (11th Cir. 2010). "Section 2254(e)(2) imposes a limitation on the discretion of federal habeas courts to take new evidence in an evidentiary hearing" as to "claims that were not adjudicated on the merits in state court." *Cullen*, 563 U.S. at 185–86. Specifically, § 2254(e)(2) provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
> (A)    the claim relies on—
>            . . .
>
>     (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B)    the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

2

28 U.S.C. § 2254(e)(2).

The Court **denies** the motion to expand the record and compel the production of the transcripts as moot because the transcripts are already in the record. The Court **denies** the motion to expand the record and compel correspondence with defense counsel without prejudice. Perry has not shown he is entitled to relief under Rule 7. Perry has not explained how the correspondence would aid the Court in deciding the merits of his second amended petition. In addition, as the Attorney General observes, Doc. 45 at 2, 4, Perry does not need the Court's involvement to obtain the correspondence because he can obtain the correspondence directly from non-parties. For example, Perry has not alleged that the Duval County Clerk of Court has refused to provide him with records or that the Public Defender's Office has refused to provide him with the correspondence. Indeed, the Public Defender's Office apparently has already provided Perry with all documents in his case file. *See* Doc. 45-1 at 30–31.

Deciding whether the record should be expanded or an evidentiary hearing held is premature because the Attorney General has not yet responded to Perry's second amended petition. While the Attorney General has attached exhibits to her response to the motion to expand the record and compel the production of documents, some of the exhibits are incomplete, and additional documents may be added with the forthcoming response to the second amended petition. After briefing has closed and the Court has considered the record, the Court will determine whether any additional documents would aid in deciding the merits of the second amended petition. Thus, while further factual development is premature and unnecessary at this time, the Court may *sua*

3

*sponte* reconsider Perry's request or order an evidentiary hearing when ruling on his second amended petition.

**Ordered** in Jacksonville, Florida, on December 13, 2024.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

JAX-11 12/10

C:   Counsel of Record
     Terry Dean Perry, #J35064

4